Bowen *et al. v.* Bragunier.

## No. 10,197.

### CURTIS *v.* BURNS.

From the Fulton Circuit Court.

*E. Myers* and *J. S. Slick,* for appellant.

*M. L. Essick* and *G. W. Holeman,* for appellee.

ZOLLARS, J.—This action was instituted by appellee against appellant, to recover for work and labor done and performed at his special instance and request, from the 24th day of December, 1869, to the 2d day of August, 1878. An issue, formed by the complaint, answer and reply, was tried by a jury, and a verdict of $700 returned in favor of appellee. Appellant moved for a new trial, on the grounds that the verdict is not supported by sufficient evidence, is contrary to law, that the damages are excessive, and that the amount of recovery is too large. This motion was overruled, appellant excepted, and has assigned the ruling for error. No question is made in this court except upon the sufficiency of the evidence to sustain the verdict. It is insisted that upon the evidence the amount of recovery is too large.

Appellee was a witness in his own behalf. His testimony supports in the main the allegations of his complaint. The testimony of other witnesses is corroborative of his. A number of witnesses testified as to the value of his services. Upon the part of appellant the testimony tends strongly to overthrow the case made by appellee. It is a case in which the testimony is conflicting. It is the well settled practice of this court that in such a case the judgment will not be reversed upon the weight of the evidence. *Tate* v. *Means,* 82 Ind. 355.

The judgment is affirmed, at the costs of appellant.

## No. 8631.

### BOWEN ET AL. *v.* BRAGUNIER.

From the Carroll Circuit Court.

*L. E. McReynolds, J. W. Gordon, R. N. Lamb* and *S. M. Shepard,* for appellants.

NIBLACK, J.—The controlling questions involved in this case were fully considered and definitely decided in the case of *Bowen* v. *Bragunier, post,* p. 558. The conclusions reached in that case are equally applicable to, as well as decisive of, this case, the inevitable inference being that the proceedings below can not be sustained.

The order setting aside the default taken against Bragunier, and the judgment appealed from in this case, are, therefore, both reversed, with costs, and the cause is remanded for further proceedings.